UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WALTER BLAZE,

                                     Plaintiff,

                     v.

ANDREW M. SAUL,[1] Commissioner of
Social Security,

                                    Defendant.

_____

**DECISION
and
ORDER**

**18-CV-01389F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                                 Attorneys for Plaintiff
                                 AMY C. CHAMBERS, of Counsel
                                 6000 North Bailey Avenue
                                 Suite 1A
                                 Amherst, New York 14226

                                 JAMES P. KENNEDY, JR.
                                 UNITED STATES ATTORNEY
                                 Attorney for Defendant
                                 Federal Centre
                                 138 Delaware Avenue
                                 Buffalo, New York 14202;

                                 KRISTIN EVERHART
                                 Special Assistant United States Attorney, of Counsel
                                 Social Security Administration
                                 Office of General Counsel
                                 601 E. 12th Street
                                 Room 965
                                 Kansas City, Missouri 64106, and

                                 PADMA GHATAGE
                                 Social Security Administration
                                 Office of General Counsel, of Counsel
                                 26 Federal Plaza
                                 Room 3904
                                 New York, New York 10278

---

[1] Andrew M. Saul became Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On April 7, 2020, this matter was reassigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. No. 21).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on February 26, 2020 (Dkt. No. 16), and by Defendant on April 6, 2020 (Dkt. No. 20).

## BACKGROUND

Plaintiff Walter Blaze ("Plaintiff"), brings this action under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on February 18, 2015, for Supplemental Security Income ("SSI"), ("disability benefits").  Plaintiff alleges he became disabled on March 16, 2015, based on chronic obstructive pulmonary disease ("COPD"), severe groin hernia, difficulty walking and lifting and depression.  (R. 182).

Plaintiff's application for disability benefits was denied on June 17, 2015 (R. 11). At Plaintiff's timely request, on August 3, 2017, a hearing was held in Buffalo, New York (R. 28-49), where Plaintiff, Plaintiff's attorney Ida M. Comerford, Esq., ("Comerford"), and vocational expert Matthew Lampley ("VE"), testified.  On October 20, 2017, the ALJ issued a decision denying Plaintiff's claim (R. 13-27) ("the ALJ's decision"), which Plaintiff timely appealed to the Appeals Council.  (R. 4).   On October 3, 2018, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision.  (R. 1-4).  On December 3, 2018,

2

Plaintiff commenced the instant action seeking judicial review of the ALJ's decision. (Dkt. No. 1).

On February 6, 2020 Plaintiff moved for judgment on the pleadings (Dkt. No. 16) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 16-1) ("Plaintiff's Memorandum").  On April 6, 2020, Defendant moved for judgment on the pleadings (Dkt. No. 20) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of the Defendant's Motion for Judgment on the Pleadings (Dkt. No. 20-1) ("Defendant's Memorandum").  Plaintiff filed on April 27, 2020, Plaintiff's Response to the Commissioner's Brief (Dkt. No. 22) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[2]

Plaintiff Walter Blaze ("Plaintiff"), born on August 3, 1968 (R. 154), was 49 years old as of the administrative hearing on August 3, 2017, has a high school education with BOCES training in auto mechanics, is widowed and lives with a friend.  (R. 32, 232). Plaintiff's past relevant work includes work as a steel plant worker at Cold Steel Recycling until 2000, when Plaintiff stopped working as a result of back pain that affected Plaintiff's ability to stand and walk.  (R. 35).

On March 10, 2015, Rania Karam-Bayoumi, M.D. ("Dr. Karam-Bayoumi"), completed a physical examination on Plaintiff for medication refills, noted that Plaintiff smoked cigarettes daily, and referred Plaintiff for pulmonary testing.  (R. 425-26).

---

[2] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

On May 27, 2015, Donna Miller, D.O. ("Dr. Miller"), completed a consultative examination on Plaintiff, noted that Plaintiff reported a diagnosis of asthma 10 years prior, that running exacerbated by Plaintiff's asthma improved by using an inhaler.  (R. 435).  Dr. Miller evaluated Plaintiff with a normal physical examination with no wheezing or respiratory distress, and opined that Plaintiff should avoid dust, irritants, and exposure to tobacco.  (R. 437-38).

On June 9, 2015, Gregory Fabiano, Ph.D., ("Dr. Fabiano"), completed a consultative psychiatric examination on Plaintiff who reported that Plaintiff's wife and sister both died within the previous year, diagnosed Plaintiff with adjustment disorder with depression and anxiety, and evaluated Plaintiff with intact attention and concentration, mildly impaired memory skills, good insight and judgment, no limitations to understanding simple directions and instructions, performing simple tasks independently, maintaining a regular schedule, learning new tasks, performing complex tasks independently, and making appropriate decisions.  (R. 444-46).

On December 16, 2015, Physician Assistant Gary C. Wysocki ("P.A. Wysocki"), completed a physical examination on Plaintiff for a medication refill of Plaintiff's inhaler, noted that Plaintiff reported no new issues with asthma, continued to smoke and drink alcohol on a regular basis, and evaluated Plaintiff with clear lungs bilaterally, with no wheezing, ronchi or rales (rattling respiratory sounds).  (R. 511-13).

On February 25, 2016, P.A. Wysocki completed an annual physical on Plaintiff, evaluated Plaintiff with wheezing in Plaintiff's lungs, and encouraged Plaintiff to diet and exercise and stop smoking.  (R. 510).

On May 26, 2016, P.A. Wysocki completed paperwork on behalf of Plaintiff for Erie County Social Services, noted that Plaintiff continued to smoke and drink five-to-six alcoholic beverages two-to-three times weekly, and recommended that Plaintiff stop drinking and smoking and begin an exercise routine.  (R. 506).  P.A. Wysocki opined that Plaintiff was very limited in walking, lifting, carrying, pushing, pulling, bending, climbing stairs, moderately limited in standing, should not engage in prolonged walking or standing, or be exposed to extreme temperatures, had no limitation to sitting or performing mental functions during work activity, and was able to engage in slow-paced work.  (R. 463).

On July 14, 2016, Plaintiff sought treatment for back pain from Mercy Hospital of Buffalo where Plaintiff was treated with a muscle relaxant and discharged.  (R. 476).

On July 19, 2016, P.A. Wysocki completed a follow-up examination on Plaintiff and noted that Plaintiff reported back pain upon forward flexion, and recommended that Plaintiff apply moist heat, perform gentle stretching exercises and walk.  (R. 504).

On July 26, 2016, Plaintiff returned to P.A. Wysocki with back pain.  P.A. Wysocki ordered a lumbar X-ray that showed no fracture, and mild diminution in Plaintiff's L5[3]-S1 and L3-L4 disc segments with normal alignment.  (R. 473).

On November 9, 2016, Matthew Plucinski, M.D. ("Dr. Plucinski"), completed a physical examination on Plaintiff and noted that Plaintiff had clear lungs, appropriate mood and affect, recommended physical therapy, refilled Plaintiff's inhaler prescription, and recommended that Plaintiff stop smoking.  (R. 499).

---

[3] L5 is a numbered segment of an individual's disc segments.

On May 2, 2017, P.A. Wysocki noted that Plaintiff continued to smoke, denied depression, anxiety, and suicidal ideation, had clear lungs with no wheezing, rhonchi or rales, normal range of motion of upper and lower joints, and recommended that Plaintiff quit smoking, exercise and lose weight.  (R. 495-97).

On May 11, 2017, P.A. Wysocki completed a second form for Erie County Social Services, opined that Plaintiff had a moderate limitation to walking, standing, sitting, lifting, carrying, pushing, pulling, bending, and functioning at a consistent pace, no limitations in mental functioning, and that Plaintiff's limitations would limit Plaintiff's ability to perform at least 80 hours of work each month.  (R. 466-67).

On June 3, 2017, Plaintiff sought treatment from the Mercy Hospital emergency room for alcohol withdrawal and paranoid behavior.  Plaintiff reported a long history of alcohol abuse drinking five to six beers daily, was prescribed Risperidol (psychosis), and discharged six days later.  (R. 522-27).

On June 15, 2017, P.A. Wysocki completed a medical opinion statement at the request of Plaintiff's counsel, opined that Plaintiff was not capable of low stress work, that Plaintiff's pain would interfere with Plaintiff's ability to complete simple work tasks, was unable to walk one city block, sit or stand for 15 minutes at a time, lift more than 20 pounds, look downward, twist, stoop, crouch, squat, frequently look upward, lift his head in a static position, and was likely miss more than four days of work on a monthly basis. (R. 538-40).

On June 20, 2017, Plaintiff attended physical therapy twice weekly until July 11, 2017, and was discharged with improved mobility.  (R. 542-46).

## DISCUSSION

### 1.    Standard and Scope of Judicial Review

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id.* "Congress has

instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2.     Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

step, however, if the impairment or its equivalent is not listed in Appendix 1, the

Commissioner must then consider the applicant's "residual functional capacity" or "RFC"

which is the ability to perform physical or mental work activities on a sustained basis,

notwithstanding the limitations posed by the applicant's collective impairments, *see* 20

C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work

("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of

performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to

perform PRW relevant work, the Commissioner, at the fifth step, must consider whether,

given the applicant's age, education, and past work experience, the applicant "retains a

residual functional capacity to perform alternative substantial gainful work which exists

in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation

marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of

proof is on the applicant for the first four steps, with the Commissioner bearing the

burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4);

*Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

       In the instant case, the ALJ found that Plaintiff did not engage in substantial

gainful activity since March 16, 2015, Plaintiff's alleged disability onset date, suffers

from the severe impairments of COPD, degenerative disc disease, asthma, alcohol

abuse and depression, does not have an impairment or combination of impairments

meeting or medically equal to the severity of any listed impairment in Appendix 1 (R.

13), retains the RFC to perform light work with limitations to occasional exposure to

irritants such as fumes, dust, odors, gasses, extreme heat and humidity, poorly

ventilated areas, chemicals, moving mechanical parts, unprotected heights, operating a

motor vehicle, and the ability to perform routine and repetitive tasks (R. 16), has no PRW (R. 22), but, given that Plaintiff was a younger individual on the date Plaintiff's application was filed on August 3, 1968, has at least a high school education and the ability to communicate in English, has the residual functional capacity to perform light work with no transferable skills from his PRW, jobs exist in significant numbers in the national economy that Plaintiff can perform, including bench assembler, sorter, and routing clerk such that Plaintiff is not disabled as defined under the Act.  *Id.*

Plaintiff argues that the ALJ erroneously applied the treating physician rule by affording great weight to Dr. Miller's opinion that Plaintiff should avoid dust, irritants and tobacco in the workplace, Plaintiff's Memorandum at 17-18 (referencing R. 438), yet failed to explain the ALJ's adoption of a limitation that includes "occasional" exposure to irritants, thus using the ALJ's own lay opinion in formulating Plaintiff's residual functional capacity assessment.  *Id.*  Defendant maintains that the ALJ properly included a limitations to Plaintiff's exposure to dust, irritants and tobacco, that Dr. Miller's findings as a one-time consultative examiner, are properly afforded less than controlling weight, and that substantial evidence supports that Plaintiff's asthma was treated with Plaintiff's inhalers, and Plaintiff continued to smoke against the direction of Plaintiff's treating physicians.  Defendant's Memorandum at 19.

Plaintiff's disability application filed on March 16, 2015, is subject to the treating physician rule.  *See* 20 C.F.R. §§ 404.1527, 416.927 (2017).  Generally, the opinion of a treating physician is entitled to significant weight but only when "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [] not inconsistent with other substantial evidence in the case record."  *Crowell v. Comm'r of*

*Soc. Sec. Admin.*, 705 Fed. App'x. 34, 35 (2d Cir. 2017) (quoting *Burgess v. Astrue*

*("Burgess")*, 537 F.3d 117, 128 (2d Cir. 2008), 20 C.F.R. § 404.1527(d)(2)).  In

instances where the ALJ discounts a treating physician's opinion however, the ALJ must

set forth "good reasons" for doing so.  *Burgess*, 537 F.3d at 129 (citing *Halloran v.*

*Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)).  The failure to provide good reasons for

rejecting a treating physician opinion is grounds for remand.  *Schall v. Apfel*, 134 F.3d

496, 503-05 (2d Cir. 2004) (*per curiam)* ("We do not hesitate to remand when the

Commissioner has not provided 'good reasons' for the weight given to a treating

physician['s] opinion and we will continue remanding when we encounter opinions from

ALJ's that do not comprehensively set forth reasons for the weight assigned to a

treating physician's opinion.").

  In this case, the ALJ's determination to afford "great weight" to Dr. Miller's finding

that Plaintiff had no exertional limitations and should avoid exposure to irritants, dust

and tobacco in the workplace, finding Dr. Miller's opinion consistent with Dr. Miller's

consultative physical examination of Plaintiff on May 27, 2015, Plaintiff's pulmonary

function test results, and the medical record (R. 20), is supported by substantial

evidence in the record.  In particular, on May 25, 2015, Plaintiff's pulmonary test showed

a moderate obstruction (R. 400), Plaintiff continued to smoke cigarettes despite

repeated warnings by Plaintiff's physicians (R. 232, 272, 427, 475, 498, 501, 508, 512,

517), reported no respiratory symptoms during physical examinations (R. 425, 498, 509,

511), and was regularly evaluated with no wheezing, ronchi, rales or respiratory deficits.

(R. 233, 495, 499, 501, 504, 512).  As such, the ALJ's determination to afford great

weight to Dr. Miller's finding that Plaintiff should avoid exposure to irritants, dust and

tobacco smoke while working, and resulting residual functional capacity that includes

limitations to occasional exposure to extreme cold, heat and humidity, fumes, odors,

dust, gasses, poorly ventilated areas, and chemicals, is supported by substantial

evidence in the record.  Plaintiff's motion on this issue is DENIED.

Plaintiff's further argument, Plaintiff's Memorandum at 19-26, that the ALJ

erroneously afforded little weight to P.A. Wysocki's finding that Plaintiff had limitations to

walking, lifting, carrying, climbing stairs, sitting and standing for 15 minutes at a time,

and walking for a total of two hours in an eight-hour workday is also without merit.  The

ALJ's determination included a complete review of P.A. Wysocki's examinations of

Plaintiff (R. 21), and a discussion of the inconsistencies between P.A. Wysocki's

findings on Plaintiff's limitations to sitting, standing and walking, and P.A. Wysocki's own

treatment notes, thereby providing sufficient explanation of the ALJ's determination to

afford less weigh to P.A. Wysocki's findings.  *See Perez v. Chater*, 77 F.3d 41, 48 (2d

Cir. 1996) (ALJ not required to further develop the record where record includes

complete medical history sufficient for ALJ to make an informed disability

determination).  P.A. Wysocki noted that Plaintiff's back pain improved with muscle

relaxant medication (R. 476, 497, 499, 501, 504), and Plaintiff's lumbar X-ray showed

only mild diminution in Plaintiff's disc height with normal alignment (R. 473), and on

February 25, 2016, P.A. Wysocki evaluated Plaintiff with a normal musculoskeletal

examination.  (R. 510).  Moreover, as indicated in the foregoing, Discussion, *supra,* at 9-

12, the ALJ's determination to afford great weight to Dr. Miller's finding that Plaintiff's

limitations include only a need to avoid irritants, dust and tobacco at work is supported

by substantial evidence.  P.A. Wysocki's finding that Plaintiff has additional limitations to

walking, lifting, carrying, climbing stairs is inconsistent with the opinion of Dr. Miller as well as P.A. Wysocki's own treatment notes, and therefore without substantial evidence in the record. *See Genier v. Astrue,* 298 Fed. App'x 105, 108-109 (2d Cir. 2008) (as non-acceptable medical sources physician assistant opinions are not afforded the same deference as treating physicians).  Plaintiff's motion on this issue is DENIED.

Credibility of Plaintiff's Subjective Complaints

In this case, the ALJ, as required, upon evaluating Plaintiff's impairments under 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526, determined that Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms, however, Plaintiff's statements concerning the intensity, persistence and limiting effects of Plaintiff's symptoms were not credible to the extent the statements were inconsistent with Plaintiff's testimony.  (R. 14).  Plaintiff contends that the ALJ's credibility determination is erroneous because the ALJ failed to consider relevant factors, and merely summarized medical evidence in the record.  Plaintiff's Memorandum at 27.  Defendant maintains that the ALJ properly evaluated Plaintiff's credibility and supported the ALJ's credibility finding with Plaintiff's inconsistent statements, allegations of pain, and activities of daily living. Defendant's Memorandum at 23-26).

It is the function of the ALJ, not the court, to assess the credibility of witnesses. *See Tankisi v. Commissioner of Social Security*, 521 Fed. Appx. 29, 35 (2d Cir. 2013). Pain or other symptoms may be important factors contributing to a disability claimant's functional loss and affects a claimant's ability to perform basic work activities where relevant medical signs or laboratory findings show the existence of a medically

determinable impairment that could "reasonably" be expected to cause the associated pain or other symptoms.  20 C.F.R. § 404.1529(c)(3).  "A claimant's testimony is entitled to considerable weight when it is consistent with and supported by objective medical evidence demonstrating that the claimant has a medical impairment which one could reasonably anticipate would produce such symptoms." *Hall v. Astrue*, 677 F.Supp.2d 617, 630 (W.D.N.Y. 2009) (citing *Latham v. Commissioner of Social Security*, 2009 WL 1605414, at *15 (N.D.N.Y. 2009)).  In this case, the ALJ's credibility finding is supported by substantial evidence in the record.  In particular, during the administrative hearing on August 3, 2017, Plaintiff testified that he was limited to standing for 15 minutes, sitting for 30 minutes, and carrying 10 pounds, yet on July 14, 2016, reported only mild back pain as a result of swimming.  (R. 475-78).  Plaintiff attended physical therapy from June 20, 2017 to July 11, 2017, and upon discharge, reported less pain and improved mobility.  (R. 545-47).  Plaintiff testified that he used an inhaler four to six times daily to treat his COPD (R. 35-37), yet continued smoking after repeated recommendations to quit by Plaintiff's physicians (R. 232, 272, 427, 475, 498, 501, 508, 512, 517), reported no respiratory symptoms during physical examinations (R. 425, 498, 509, 511), and exhibited no wheezing, ronchi, rales or respiratory deficits.  (R. 233, 495, 499, 501, 504, 512).

The ALJ's credibility assessment of Plaintiff is therefore based on substantial evidence sufficiently accounted for in the ALJ's residual functional capacity assessment. Plaintiff's motion for remand on the issue of Plaintiff's credibility is thus without merit and is DENIED.  *See Sloan v. Colvin,* 24 F.Supp.3d 315, 328-29 (W.D.N.Y. 2014) (no

remand where ALJ evaluated Plaintiff's credibility based on Plaintiff's testimony, activities of daily living and conflicting medical evidence).

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. No. 16) is DENIED; Defendant's Motion (Dkt. No. 20) is GRANTED.  The Clerk of Court is directed to close the file. SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      May 27, 2020
            Buffalo, New York